BIN JIANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security, Respondents.

No. 05–6170–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2006.

Douglas B. Payne, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, John C. Truong, Assistant United States Attorneys, Washington, District of Columbia, for Respondents.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Bin Jiang, a native and citizen of the People's Republic of China, seeks review of an October 20, 2005 order of the BIA affirming the August 31, 2004 decision of Immigration Judge ("IJ") Helen Sichel,

denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Jiang*, No. A 70 576 938 (B.I.A. Oct. 20, 2005), *aff'g* No. A 70 576 938 (Immig. Ct. N.Y. City Aug. 31, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Jiang failed to raise any arguments regarding the denial of his withholding of removal and CAT claims in either his brief to the BIA or this Court. Accordingly, these claims are not exhausted, and they are also waived. *See* 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006) (same); *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (governing waiver). We therefore review only the denial of Jiang's asylum claim.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings such as the IJ's determination in this case, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

We have held that an asylum applicant's lack of detailed doctrinal knowledge about Christianity does not automatically render incredible his or her claim of religious persecution because "people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets." *Rizal v. Gon-*

*zales*, 442 F.3d 84, 90 (2d Cir.2006). Here, the IJ found Jiang's commitment to Christianity incredible on the ground that he was unable to answer certain questions about Christian doctrine notwithstanding his claims that he had been a practicing Christian in the United States for more than ten years, was currently studying to be confirmed by the Catholic church, and had been active in converting individuals to Christianity in China.

■ Several bases for the IJ's finding were erroneous or, at best, insufficient to give us confidence that the IJ would reach the same conclusion in the light of *Rizal*. Contrary to the IJ's view that Jiang was unfamiliar with Lent, Jiang appeared to have identified correctly the period of Lent, although there was some subsequent confusion in the translation. The IJ's reliance on the Pope's name reversal is also not supported by substantial evidence, particularly given that Jiang identified the Pope's name correctly on the first day of his hearing and that names are often stated in a different order in Chinese than in English. Finally, despite the IJ's indication that Jiang could not "speak about the process of confirmation with any coherency," Jiang testified, albeit not in detail, that at the time of his hearing he was studying certain materials with a priest as a member of a study group. Jiang, however, did have difficulty explaining any difference between the Old and New Testaments and proffered inconsistent evidence as to the number of people he had converted to Christianity in China.[1]

Given the IJ's errors, particularly her overstatement of Jiang's lack of doctrinal

---

1. We reject Jiang's argument that he was unable to prove his commitment to Christianity because of an incompetent translator. Jiang's attorney was specifically asked whether he wanted a *de novo* hearing, and he stated that he did not think it was necessary. Al-

though this question was asked prior to any of the testimony relating to Jiang's knowledge of religious doctrine, Jiang's attorney did not argue at any other point during the hearing that the translation was inadequate.

knowledge, and our inability to determine the extent to which the IJ was influenced by considerations *Rizal* held to be mistaken, we cannot confidently predict that absent these flaws the IJ would come to the same conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir.2006). We therefore remand for reconsideration in the light of our decision in *Rizal.* In remanding this case, however, we do not take any view on the ultimate merits of Jiang's case.

Accordingly, the petition for review is GRANTED and the case REMANDED. The pending motion for a stay of removal in this petition is DENIED as moot.